IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLOMON GHEBREWOLDI, | : | CIVIL ACTION |
|         Plaintiff | : | |
|     v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
|         Defendant | : | NO. 23-2321 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                           December 13, 2023

Solomon Ghebrewoldi ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for childhood disability benefits ("CDB") under the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is denied.

### I.    PROCEDURAL HISTORY[1]

On September 28, 2001, Plaintiff applied for Supplemental Security Income ("SSI") alleging disability since April 1, 2001; he was awarded SSI, on November 28, 2001; at that time, he was 20 years old. R. 189-90. On December 29, 2016, Plaintiff applied for CDB, alleging disability, that commenced on April 1, 2001. R. 186. The CDB claim was denied; therefore, Plaintiff requested a hearing. On October 15, 2018, Plaintiff appeared for a hearing, before Eric Schwartz, Administrative Law Judge ("the ALJ"); Plaintiff and his mother testified at the hearing.

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

R. 189.  On November 15, 2018, the ALJ issued an unfavorable decision.  R. 186.  The Social Security Administration's Appeals Council subsequently denied Plaintiff's request for review, on June 18, 2019, Pl. Br. at 1, making the ALJ's findings the final determination of the Commissioner.  Plaintiff sought judicial review in this court by way of Civil Action No. 19-3317.  On June 22, 2020, the court granted the Commissioner's uncontested motion for a remand.  Pl. Br. at 2.  The Appeals Council remanded the case to the ALJ, on August 16, 2021.  R. 186.

The ALJ did not conduct new hearing; in a Decision dated April 14, 2023, the ALJ again denied Plaintiff's CDB claim.  Plaintiff bypassed the Appeals Council, Pl. Br. at 2, and now seeks judicial review; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     THE ALJ'S DECISION

The ALJ determined that, because of Plaintiff's September 28, 2001 SSI application, which alleged an April 1, 2001 onset date, he was entitled a closed period of CDB eligibility, from April 1, 2001 to December 31, 2005, the end of last quarter for which Plaintiff did not perform substantial gainful activity ("SGA").[2]  R. 190-91.  The ALJ noted that from January 1, 2006 until November 2006, Plaintiff worked for the IRS and his earnings for that work met the SGA threshold.  R. 189.

This case concerns CDB, which is available to a person who is the child and dependent of a person receiving retirement or disability benefits under Title II of the Social Security Act.  20 C.F.R. § 404.350(a).  If the CDB claimant is over age 18, he must be disabled and his disability must have commenced before he attained the age of 22.  *Id*.  Herein, the ALJ noted that Plaintiff's father was not eligible for retirement benefits ("OAB") until November 2010 and his mother did not become eligible for disability insurance benefits ("DIB"), until January 2008.  R. 190.  As a

---

[2] This period is more than a decade before Plaintiff actually filed for CDB, on December 29, 2016.

2

result of his parents' eligibility, the earliest Plaintiff could have been eligible for CDB was January 2008 based upon his mother's DIB. R. 190. Hence, Plaintiff could not be eligible for CDB under his closed period, because it predated when either of his parents were eligible for OAB or DIB. R. 190-91.

### III.   DISCUSSION

This case involves the legal question of whether the ALJ properly determined that Plaintiff is not entitled to CDB. Hence, the ALJ's determination is subject to plenary review. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

Plaintiff first argues that the ALJ erred, because he failed to apply collateral estoppel principles in his case. Pl. Br. at 4-5. Plaintiff maintains that, since the Commissioner determined, in 2001, that he was disabled and entitled to SSI, the ALJ was bound to accept that Plaintiff remained disabled at all times relevant to the ALJ's decision. *Id.* However, the ALJ did not dispute that Plaintiff was found disabled in November 2001 and eligible for SSI as of September 2001; at that time, Plaintiff was 20 years old. R. 189-90. In his decision, the ALJ did not find that, at any time after September 2001, Plaintiff had been determined to be not disabled. Instead, the ALJ denied Plaintiff's CDB claim, because during his closed period of eligibility for CDB – January 1, 2001 to December 31, 2005 – neither of his parents qualified for OAS or DIB; hence, despite Plaintiff's disability, he was ineligible for CDB. Plaintiff's collateral estoppel argument could not reverse that determination.

Next, Plaintiff argues that the ALJ erred by finding that the period from January 2006 to November 2006 constituted SGA, instead of a trial work period ("TWP"). Pl. Br. at 5-9. Plaintiff maintains that, if the time he worked in 2006 was deemed to be a TWP, then his eligibility for

3

CDB would not be precluded. *Id.* Further, since he has been disabled since 2001 – when he was 20 years old – once his mother became eligible for DIB in January 2008, Plaintiff would have been eligible for CDB. *Id,* at 6-7. However, Plaintiffs' argument is foreclosed by the TWP regulation. A TWP is only available to a person who is receiving DIB, CDB, widow's benefits, widower's benefits, or surviving divorced spouse's benefits based upon a disability. 20 C.F.R. § 404.1592(d)(1). Notably, an individual who is not receiving Title II disability benefits, is not entitled to a TWP. 20 C.F.R. § 404.1592(d)(2). That is precisely Plaintiff's situation, because, in 2006, he was receiving SSI under Title XVI and no Title II benefits. Hence, Plaintiff's TWP argument, although creative, is foreclosed by the regulation upon which he relies.

Finally, Plaintiff asserts that the ALJ violated his due process rights by not affording him a new hearing after the Appeals Council remanded his case to the ALJ. Pl. Br. at 10-12. He maintains that the ALJ needed to develop additional facts about his 2006 job in order to properly determine if it constituted SGA or a TWP. *Id.* However, as this court explained in the preceding paragraph, the controlling regulation precludes a finding that Plaintiff's 2006 job was a TWP. Hence, the purpose Plaintiff identifies to conduct a new hearing would be futile. In Social Security cases, procedural due process requires only such procedures as would make the result fair. *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). Plaintiff has not identified a purpose for an additional hearing that could affect the result reached; therefore, procedural due process did not require a new hearing. *See id.*

An implementing order and order of judgment follow.